Case 4:15-cv-00810-A   Document 43   Filed 02/25/16   Page 1 of 5   PageID 922

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 5 2016

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAURICE BLUITT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-810-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Maurice Bluitt, a state prisoner who was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), at the time the petition was filed, against William Stephens, Director of TDCJ. On January 25, 2016, petitioner notified the court that he has been paroled by TDCJ and extradited to Arapaho County, Colorado. Mot., ECF No. 38.

After having considered the pleadings, the documentary exhibits, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

I.   Factual and Procedural History

By way of this petition, petitioner challenges his 2000 conviction in the 372nd Judicial District Court of Tarrant County, Texas, Case No. 0733927D, for indecency with a child by contact. Pet. 2, ECF No. 1. He raises the following issues for habeas relief:

1. Improper jury instruction in punishment phase;
2. *Brady* rules violation;
3. Prosecutor and defense counsel misconduct;
4. Ineffective assistance of counsel;
5. Violations of the Texas Code of Criminal Procedure;
6. Violations of the Texas Rules of Evidence; and
7. Inability to get an attorney or "actual innocence" help.

Pet'r's Mem. 5-7, ECF No. 1.

Petitioner has filed a prior federal habeas petition in this court challenging the same state-court conviction and raising one or more of the same claims. *See Bluitt v. Quarterman*, Civil Action No. 4:06-CV-166-Y (pet. denied). Consequently, respondent has filed a motion to dismiss the petition as an unauthorized successive petition. Resp't's Mot. 1, ECF No. 13. In response, petitioner has filed a motion to transfer the action to the Fifth Circuit for a determination as to whether he may file the petition in this court.

2

## II. Discussion

Title 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was not presented in a prior petition must be dismissed unless—

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Toward that end, this court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or, as petitioner requests, it may transfer the successive petition to the Fifth Circuit for a determination of whether he should be allowed to file the successive petition in

3

district court. 28 U.S.C. § 2244(b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir.1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers). Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, the petition should be dismissed to allow petitioner to seek authorization to file his petition in the Fifth Circuit as required by § 2244(b)(3) and (4). *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

It is ORDERED that respondent's motion to dismiss be, and is hereby, granted and that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive. It is further ORDERED that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the

4

denial of a constitutional right. All pending motions not previously ruled upon are DENIED.

SIGNED February 25, 2016.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE